UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARTIN SCOTT MORRIS,

                Petitioner,

vs.                          Case No.  2:03-cv-533-FtM-29SPC

WALTER A. MCNEIL,[1] Secretary of the
Florida Department of Corrections,

                Respondent.

_____

**OPINION AND ORDER**

**I. Status**

Petitioner, Martin Scott Morris, (hereinafter "Petitioner" or "Morris"), who is proceeding *pro se* and *in forma pauperis*, initiated this action by filing a Petition for Writ of Habeas Corpus ("Petition," Doc. #1) pursuant to 28 U.S.C. § 2254 on September 10, 2003.[2]  Morris challenges his state court judgment of conviction for second degree murder entered in the Twentieth Judicial Circuit Court, Lee County, Florida for which he was

_____

[1]Walter A. McNeil, the current Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James V. Crosby, Jr., pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2]The Petition (Doc. #1) was docketed and filed in this Court on September 15, 2003; however, the Court applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing."  Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

sentenced to forty years imprisonment. Petition at 2.[3] The

Petition raises the following eight separate grounds for relief:

**ground one:   Trial counsel was ineffective for failing to challenge a juror for cause on the grounds that during venire the juror demonstrated prejudice and partiality.** Petition at 4.

**ground two:   The trial court denied Petitioner a fair trial by preventing defense counsel from re-crossing a state witness concerning specific acts of the victim.** Id. at 5.

**ground three:  The trial court denied Petitioner a fair trial by precluding evidence of prior violent acts by the victim.** Id. at 7.

**ground four:   Trial counsel was ineffective for failing to adduce evidence of the victim's purported propensity toward violence.** Id. at 8.

**ground five:   Trial counsel was ineffective for failing to develop and present mitigating evidence at sentencing for purposes of mitigation.** Id. at 18.

**ground six:    Trial counsel was ineffective for failing to object to purported prosecutorial misconduct.** Id. at 19.

**ground seven:  Trial counsel was ineffective for failing to object to the co-defendants' statements who did not testify.** Id. at 23.

**ground eight:  Trial counsel was ineffective for failing to adequately investigate evidence that was exculpatory and supportive of claim of self-defense.** Id. at 27.

---

[3]The Petition mistakenly refers to the Judicial Circuit in and for Lee County as the "Twelfth" Judicial Circuit. Unless specified otherwise, all page numbers referenced herein are to the page of the identified document as it appears on the Court's case management electronic computer filing system.

In compliance with the Court's Order (Doc. #10), Respondent filed a Corrected Response to Petition for Writ of Habeas Corpus/Memorandum of Law on December 12, 2003 ("Response," Doc. #16). Respondent submitted exhibits in support of his contentions (Docs. ##13-14).[4]   After being granted four extensions of time, Petitioner filed a Reply to Respondent's Response with exhibits on February 1, 2005 ("Reply," Doc. #47).   This case is now ripe for review.

## II. Procedural History

Morris was charged in a joint information[5] with second degree murder with a firearm in case no. 99-1727-CFA.   Morris' first and second joint jury trials ended in mistrials.   On June 5, 2000, a jury found Morris and his co-defendant guilty of the charge.   On August 9, 2000, the trial court adjudicated Morris guilty consistent with the jury's verdict, and sentenced him to forty (40) years of imprisonment.

Morris filed a direct appeal claiming that the evidence was insufficient to support a second degree murder conviction.   Exh. #1.   On June 15, 2001, the appellate court *per curiam* affirmed the state judgment, without a written opinion.   Morris v. State, 791 So. 2d 472 (Fla. 2d DCA 2001); Exhs. #4 and #5.

---

[4]The Court will hereinafter refer to the exhibits that are referenced in and submitted in support of the Response as "Exh."

[5]Petitioner was jointly charged with his father, Sidney Morris.

On November 13, 2001, Morris filed a *pro se* motion to correct
sentencing error pursuant to Fla. R. Crim. P. 3.800(a), which was
summarily denied on December 3, 2001.  Exhs. #8 and #9.  Morris
appealed the summary denial; and, on January 23, 2002, the
appellate court *per curiam* affirmed, without a written opinion.
Morris v. State, 810 So. 2d 942 (Fla. 2d DCA 2002); Exhs. #10, #14
and #15.  Mandate issued on February 25, 2002.  Exh. #16.

On February 5, 2002, Morris filed a motion for post conviction
relief pursuant to  Fla. R. Crim. P. 3.850 raising the following
nine grounds: 1) trial counsel was ineffective for failing to
challenge a juror for cause during venire; 2) the trial court erred
by denying defense counsel motion to present specific acts of
violence by the victim and denying re-cross of witness regarding
same; 3) the trial court erred by precluding evidence of the
previous violent acts by the victim; 4) trial counsel was
ineffective for failing to adduce evidence of the victim's
purported propensity toward violence; 5) trial counsel was
ineffective for failing to develop and present mitigating evidence
at sentencing; 6) trial counsel was ineffective for failing to
object to purported prosecutorial misconduct; 7) trial counsel was
ineffective for failing to object to statements made by Morris' co-
defendant, whom Morris claims did not testify; 8)  trial counsel was
ineffective for failing to adequately investigate evidence of
Morris' claim of self-defense; and 9) trial counsel was ineffective

-4-

for conceding guilt by not determining whether Morris agreed to the trial strategy of not having the jury charged on a lesser included offense.  Exh. #17.  By order dated February 22, 2002, the trial court denied, in part, the Rule 3.850 motion.  Exh. #18. Specifically, the order summarily denied both asserted claims of trial court error (Grounds 2 and 3), finding that these two claims "should have been addressed on direct appeal."  Id. at 1, ¶3.  The order further directed the State to file a response to the remaining seven grounds of ineffectiveness of trial counsel.  Id. at ¶2.

On August 28, 2002, the trial court adopted and expressly incorporated by reference the State's response to Morris' Rule 3.850 motion and denied the remaining seven grounds of ineffectiveness of trial counsel.  Exh. #20.  Morris appealed the trial court's denial and, on May 14, 2003, the appellate court *per curiam* affirmed without written opinion.  Morris v. State, 848 So. 2d 320 (Fla. 2d DCA 2003); Exhs. #21, #25 and #26).  Mandate issued June 6, 2003.  Exh. #27.

### III.  Applicable § 2254 Law

Morris filed his timely[6] Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act

_____

[6]The AEDPA imposes a one-year statute of limitations on § 2254 actions.  28 U.S.C. § 2244(d).  Respondent concedes that due to Petitioner's collateral appeals, the Petition in this Court was timely filed.  Response at 4, n.2.  The Court agrees.

of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Consequently, post-AEDPA law governs this action. Abdul-Kabir v. Quarterman, 127 S. Ct. 1654, 1664 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n. 9 (11th Cir. 2007). Under AEDPA, the standard of review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007). See also Parker v. Sec'y Dep't of Corr., 331 F.3d 764 (11th Cir. 2003). AEDPA altered the federal court's role in reviewing state prisoner applications in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002). Prior to the Court reviewing a claim on the merits, certain aspects of the AEDPA, are relevant to this matter.

**A. Evidentiary Hearing**

Petitioner was not afforded an evidentiary hearing on his Rule 3.850 motion by the trial court, and does not request an evidentiary hearing before this Court, see Petition at 28, although he suggests that "this Court may find a hearing is warranted upon review of the record." Id. A petitioner is restricted in his ability to use an evidentiary hearing in a federal habeas proceeding to develop facts to support his claim. A federal evidentiary hearing is only allowed if (1) petitioner was not at fault for failing to develop the factual bases for his claims in

state court, or (if he was at fault), if the conditions prescribed by § 2254(e)(2) apply.[7] <u>Bradshaw v. Richey</u>, 126 S. Ct. 602, 605-06 (2005); <u>Holland v. Jackson</u>, 542 U.S. 649, 652-53 (2004).  Even if an evidentiary hearing is not precluded by § 2254(e)(2), "a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." <u>Schriro v. Landrigan</u>, 127 S. Ct. 1933, 1940 (2007) (citation omitted).  "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." <u>Id.</u>  Based upon the record and applicable law, the Court concludes

---

[7]Section 2254(e)(2) provides:

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that -

    (A)  the claim relies on -

        (I) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

    (B)  the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

that Petitioner is not entitled to an evidentiary hearing in this matter.

**B.    Federal Question**

A federal court may entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). Questions of state law are generally insufficient to warrant review or relief by a federal court under § 2254. Estelle v. McGuire, 502 U.S. 62, 68 (1991); Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000). Questions of state law are only reviewed to determine whether the alleged errors rendered "the entire trial fundamentally unfair." Carrizales, 699 F.2d at 1055.

**C.    Exhaustion**

If a ground asserted by a petitioner warrants review by a federal court under § 2254, the petitioner must have first afforded the state courts an initial opportunity to address any federal issues.    28 U.S.C. 2254(b)(1)(A).    This imposes a "total exhaustion" requirement in which all the federal issues must have first been presented to the state courts. Rhines v. Weber, 544 U.S. 269, 274 (2005).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."

-8-

O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). See also Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) ("A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts.")(quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)); Duncan v. Henry, 513 U.S. 364, 365 (1995)("exhaustion of state remedies requires that petitioners 'fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights'").

A petitioner must present the same claim to the state court that he now requests the federal court to consider. McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)(citations omitted); Kelly v. Sec'y for the Dep't of Corr., 377 F. 3d 1317, 1343-44 (11th Cir. 2004). Thus, the exhaustion requirement is not satisfied if the claims raised before the state court were not raised in terms of federal law. Gray v. Netherland, 518 U.S. 152, 162-63 (1996); Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337, 1342 (11th Cir. 2007). With regard to claims of ineffectiveness of trial counsel, a petitioner must have presented those claims to the state court "'such that a reasonable reader would understand each claim's particular legal basis and specific factual foundation.'" Ogle v. Johnson, 488 F. 3d 1364, 1368 (11th Cir. 2007)(citing NcCnair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005)).

If a petitioner fails to exhaust a claim, the court may dismiss the petition without prejudice to permit exhaustion, if appropriate. <u>Pliler v. Ford</u>, 542 U.S. 225, 227 (2004); <u>Rose v. Lundy</u>, 455 U.S. 509, 519-20 (1982). Alternatively, the court has the discretion to grant "a stay and abeyance to allow the petitioner to exhaust the unexhausted claim." <u>Ogle</u>, 488 F.3d at 1370 (citations omitted).

### D.  Procedural Default

"A claim is procedurally defaulted if it has not been exhausted in state court and would now be barred under state procedural rules." <u>Mize v. Hall</u>, 532 F.3d 1184, 1190 (11th Cir. 2008).  "The doctrine of procedural default was developed as a means of ensuring that federal habeas petitioners first seek relief in accordance with established state procedures." <u>Henderson</u>, 353 F.3d at 891 (<u>quoting</u> <u>Judd v. Haley</u>, 250 F.3d 1308, 1313 (11th Cir. 2001)).  A procedural default may also result from non-compliance with state procedural requirements. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-30, <u>reh'g</u> <u>denied</u>, 501 U.S. 1277 (1991).

> Federal courts are barred from reaching the merits of a state prisoner's federal habeas claim where the petitioner has failed to comply with an independent and adequate state procedural rule. <u>Wainwright v. Sykes</u>, 433 U.S. 72, 85-86, 97 S. Ct. 2497, 53 L.Ed.2d 594 (1977).  When a state court correctly applies a procedural default principle of state law, federal courts must abide by the state court decision, <u>Harmon v. Barton</u>, 894 F.2d 1268, 1270 (11th Cir. 1990), but only if the state procedural rule is regularly followed, <u>Ford v.</u>

Georgia, 498 U.S. 411, 424, 111 S.Ct. 850, 112
L. Ed. 2d 935 (1991). . . .

Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006), cert.
denied, 127 S. Ct. 1823 (2007); see also Baldwin v. Johnson, 152
F.3d 1304, 1317 (11th Cir. 1998) (finding that federal courts may
not review a claim that a petitioner procedurally defaulted under
state law if the last state court to review the claim states
clearly and expressly that its judgment rests on a procedural bar,
and the bar presents an independent and adequate state ground for
denying relief), cert. denied, 526 U.S. 1047 (1999).  This is true
where the appellate court silently affirms the lower court
procedural bar since federal courts should not presume an appellate
state court would ignore its own procedural rules in summarily
denying applications for postconviction relief. Tower v. Phillips,
7 F.3d 206, 211 (11th Cir. 1993).

A procedural default for failing to exhaust state court
remedies will only be excused in two narrow circumstances.  First,
a petitioner may obtain federal habeas review of a procedurally
defaulted claim if he shows both "cause" for the default and actual
"prejudice" resulting from the asserted error. House v. Bell, 547
U.S. 518, 536-37 (2006); Mize, 532 F.3d at 1190.  "Cause"
ordinarily requires a petitioner to demonstrate "that some
objective factor external to the defense impeded the effort to
raise the claim properly in the state court." Henderson v.
Campbell, 353 F.3d 880, 892 (11th Cir. 2003) (quoting Wright v.

Hopper, 169 F.3d 695, 703 (11th Cir. 1999)).  Constitutionally ineffective assistance of counsel can constitute cause if that claim is not itself procedurally defaulted.  Edwards v. Carpenter, 529 U.S. 446, 451-52 (2000).  To show "prejudice," a petitioner must demonstrate that there is "at least a reasonable probability that the result of the proceeding would have been different."  Henderson, 353 F.3d at 892.

Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such review is necessary to correct a fundamental miscarriage of justice.  House, 547 U.S. at 536; Edwards, 529 U.S. at 451; Henderson, 353 F.3d at 892.  This exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent."  Henderson, 353 F.3d at 892.  See also House, 547 U.S. at 536-37 (prisoner asserting actual innocence must establish that, "in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt") (citation omitted).

### E.  Deference to State

Where a petitioner's claim raises a federal question, was exhausted, is  not procedurally barred, and was adjudicated on the merits in the state courts, the federal court must afford a high level of deference to the state court's decision.  See, e.g., Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008).  Habeas

relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003).  A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference.  Ferguson, 527 F.3d at 1146; Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1253-54 (11th Cir. 2002).  See also Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision.  Carey v. Musladin, 549 U.S. 70, 127 S. Ct. 649, 653 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)).  In cases where nothing in the Supreme Court's jurisprudence addresses the issue on point or the precedent is ambiguous and gives no clear answer to the question, it cannot be said that the state court's conclusion is contrary to, or constitutes an unreasonable application of, "clearly established

Federal law." <u>Wright v. Van Patten</u>, 128 S. Ct. 743, 747 (2008); <u>Mitchell v. Esparza</u>, 540 U.S. 12, 15-16 (2003).

A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. <u>Brown</u>, 544 U.S. at 141; <u>Mitchell</u>, 540 U.S. at 15-16. Further, it is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the result . . . contradicts them." <u>Early v. Parker</u>, 537 U.S. 3, 8 (2002); <u>Mitchell</u>, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, <u>Brown</u>, 544 U.S. at 134; <u>Bottoson v. Moore</u>, 234 F.3d 526, 531 (11th Cir. 2000), <u>cert. denied</u>, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." <u>Bottoson</u>, 234 F.3d at 531 (quoting <u>Williams</u>, 120 S. Ct. at 1520). The "unreasonable application"

-14-

inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18.  Depending upon the legal principle at issue, there can be a range of reasonable applications. Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004).  Thus, the state court's decision is not subject to federal review de novo; rather, § 2254(d)(1) relief is only available upon a showing that the state court decision meets the "objectively unreasonable" standard.  Id. at 665-66.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented."  28 U.S.C. § 2254(d)(2).  Where the credibility of a witness is at issue, relief may only be granted if it was unreasonable, in light of the evidence presented, for the state court to credit the testimony of the witness in question.  Rice v. Collins, 546 U.S. 333, 338 (2006).  Additionally, a factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240 (2005); Henderson, 353 F.3d at 890-91.  This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact."  Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046

-15-

(2001) (citation omitted).  An ineffective assistance of counsel claim is a mixed question of law and fact; therefore, the presumption does not apply and such claims are reviewed *de novo*. <u>Rolling v. Crosby</u>, 438 F.3d 1296, 1299 (11th Cir.), <u>cert. denied sub nom. Rolling v. McDonough</u>, 126 S. Ct. 2943 (2006).

Finally, if the state court fails or declines to rule on the merits of a particular claim raised before it, that claim falls outside of the scope of § 2254(d)(1)'s restrictions and the reviewing federal habeas court owes no deference to the state court decision when evaluating that claim.  <u>Davis v. Sec'y Dep't of Corr.</u>, 341 F.3d 1310, 1313 (11th Cir. 2003).

**F.   Ineffective Assistance of Counsel**

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d).  <u>Newland v. Hall</u>, 527 F.3d 1162, 1183 (11th Cir. 2008).  Post-AEDPA, the standard set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case.  <u>Newland</u>, 527 F.3d at 1184.  In <u>Strickland</u>, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under prevailing professional norms," which requires a showing that "counsel made

-16-

errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688.  Petitioner bears a heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006), cert. denied sub nom. Jones v. Allen, 127 S. Ct. 619 (2006).  A Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id.  A court must adhere to a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.  An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir.), cert. denied sub nom. Ladd v. Burton, 493 U.S. 842 (1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have

done something more or something different.  So, omissions are inevitable.  But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000)(quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

## IV. Findings of Fact and Conclusions of Law

The Court incorporates herein, by reference, the factual narrative set forth in the Initial Brief of Appellant ("Petitioner's Brief on Direct Appeal," Exh. #1), as supplemented by the State's Answer Brief.  Exh. #2.  The Court has also reviewed the trial transcripts (Exh. #7, "TT") and the full appellate record.  The Court will cite to pertinent portions of the record or transcripts, to the extent relevant in assessing the claims raised in the Petition.

### A. Trial Court Error

Respondent seeks dismissal of grounds two and three of the Petition, which allege error by the trial court, on the basis that these grounds are procedurally barred and do not involve issues of federal law.  Response at 21-25.  In ground two, Petitioner claims that the trial court erred when it ruled that defense counsel was not permitted to cross examine Ms. Brewer regarding the victim's specific prior acts of violence.  Petition at 15.  In ground three, Petitioner alleges the trial court erred in not permitting evidence of the victim's prior violent acts.  Id. at 16.  Petitioner did not

raise either ground of trial court error on direct appeal. Instead, Petition raised both grounds for the first time in his Rule 3.850 motion. Exh. #17 at 5-14. In summarily denying these grounds, the trial court stated that both grounds of trial court error "should have been addressed on direct appeal." Exh. 20 at 1, ¶3. The Second District Court of Appeal *per curiam* affirmed the trial court's decision, without stating the basis for the affirmance. Exh. #25.

In Florida, claims of trial court error are raised on direct appeal, not by way of a motion for postconviction relief. <u>Hodges v. State</u>, 885 So. 2d 338, 266 (Fla. 2004). The procedural bar imposed in Petitioner's case is firmly established and regularly followed in the Florida courts. <u>See</u> <u>Teffeteller v. State</u>, 734 So. 2d 1009, 1016 (Fla. 1999) (holding that substantive claims raised by postconviction relief movant were procedurally barred because they could have been raised on direct appeal); <u>Smith v. State</u>, 445 So. 2d 323, 325 (Fla. 1983) ("Issues which either were or could have been litigated at trial and upon direct appeal are not cognizable through collateral attack."). Here, Petitioner failed to present these two grounds for relief in the procedurally correct manner.

Petitioner concedes these grounds are procedurally defaulted but requests that the Court "perform a *de novo* review of the issues." Reply, Doc. #47 at 10. Petitioner appears to argue

ineffectiveness of counsel as cause for the default of these two claims. Id. at #47-1 at 1-3.  A petitioner may establish cause by showing that a procedural default was caused by constitutionally ineffective assistance of counsel. Fortenberry v. Haley, 297 F.3d 1213, 1222 (11th Cir. 2002)(citing Strickland, 466 U.S. 690). However, in order for a petitioner to rely upon the ineffective assistance of counsel as cause for the default, the "claim of ineffective assistance [of counsel must] be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Mize v. Hall, 532 F.3d at 1192 n.5; Coleman v. Thompson, 501 U.S. 722, 755 (1991); Hill v. Jones, 81 F.3d 1015, 1029-31 (11th Cir. 1996), Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Here, Petitioner did not present a claim of ineffective assistance of counsel to the state court in regards to these two claims. Consequently, Petitioner has not shown cause for his default. Further, Petitioner can not establish a fundamental miscarriage of justice by making a showing of "actual innocence." Schlup v. Delo, 513 U.S. 298, 328 (1995). Consequently, grounds two and three of the Petition are procedurally defaulted.

Alternatively, the Court finds that grounds two and three do not raise a federal issue. Although couched in constitutional terms, these two grounds challenge specific evidentiary rulings made by the trial court.[8]  As such, these grounds are not subject

---

[8]Contrary to Petitioner's assertions, the trial court did not
(continued...)

-20-

to review because this Court may not inquire into the validity of the trial court's application of its state law.   <u>Carrizales v. Wainwright</u>, 699 F.2d at 1055; <u>Cabberiza v. Moore</u>, 217 F.3d 1329 at 1333.   <u>See</u> <u>also</u> <u>Branan v. Booth</u>, 861 F.2d 1507, 1508 (11th Cir. 1988).   Nor does the Court find that the trial court's rulings rendered Petitioner's entire trial fundamentally unfair so as to result in a violation of Petitioner's due process rights. Petitioner was not precluded from presenting a claim of self-defense.   Nor was Petitioner prevented from establishing a proper foundation to introduce reputation or prior bad act testimony. <u>See</u> TT at 192-196, 258-259.

Based upon the foregoing, the Court finds that grounds two and three are procedurally barred; and, in the alternative, fail to raise a federal issue.   Consequently, the Court denies grounds two and three of the Petition.

### B. Ineffectiveness of Trial Counsel

Petitioner raises six separate grounds of ineffective assistance of trial counsel in the Petition.   Petitioner raised each of these grounds his Rule 3.850 motion.   The trial court, after reviewing all the evidence, denied Petitioner relief on each

---

[8](...continued)
deny evidence of the victim's prior bad acts.   Indeed, the court ruled that, because Morris was asserting the affirmative defense of self defense, specific bad acts by the victim was admissible if there is evidence that Morris knew of the victim's specific bad acts.   Trial Transcript ("TT") at 188-195.   The court's ruling is consistent with <u>Grace v. S.</u>, 832 So. 2d 224 (Fla. 2d DCA 2002).

of these issues.  In its ruling the trial court, in pertinent part, held:

> 2.   The State filed a Response on or about August 19, 2002.  That Response, together with the exhibits attached thereto, are attached to this Order and incorporated by reference.
>
> 3.   The State's Response addressed all 7 of the grounds for relief alleged by [Morris].  The Response includes references to portions of the record which are attached to the Response.   The Court adopts the reasoning and argument set forth by the State in its Response as to each of the grounds raised by [Morris].

Exh. #19.  Because the postconviction trial court incorporates the State's Response to [Morris'] 3.850 Motion for Post Conviction Relief (Exh. #20, "State's Response") in its order denying Petitioner's Rule 3.850 motion, the Court will refer and cite to the relevant portions of the State's Response in evaluating the grounds raised in the Petition.   Significantly, the State in its Response correctly cited to the two-prong analysis set forth in Strickland, 466 U.S. 668, as the correct governing standard in evaluating each of Petitioner's claims of ineffectiveness of trial counsel.  Exh. #20 at 2.

In  ground  one,  Petitioner  contends  that  counsel  was ineffective for failing to challenge Juror Feldman for cause due to Feldman's "preconceived opinions, prejudice and lack of impartiality." Petition at 14.  Petitioner claims that during *voir*

*dire*, Feldman "clearly stated that she could not be fair" due to her "own experience" with "alcoholism."[9]  Id.

The postconviction trial court, upon review of the record, noted that both counsel for Morris and Morris' co-defendant, along with both defendants, were present during venire, which was "in depth."  Exh. #20 at 3.  Feldman never denied that she would not "keep an open mind."  Id.  Both defense counsel with their respective clients approached the bench for jury selection.  Id. Eighteen of the 48 jurors were challenged for cause, and Feldman was not one of them.  Id.  Neither counsel for Morris nor counsel for Morris' co-defendant objected to Feldman, despite both having peremptory strikes left at the time of Feldman's consideration. Id. at 4.  In fact, after both defense counsel and the prosecutor "accepted" the panel, counsel for Morris still had a peremptory strike left.  Id.  Finally, the record revealed that Morris "was present during jury selection, and there is no indication that he requested that Feldman be challenged, either for cause or peremptorily."  Id.  Based upon the record, the court found Morris

---

[9]Contrary to Petitioner's assertion, Feldman did not "clearly" state she could not be fair.  Rather, in response to further questioning regarding whether Feldman's history of alcoholism was going to prevent her from being "fair and impartial," Feldman replied "probably."  TT at 95.  When pressed by the prosecutor as to how it would affect her, Feldman surmised that it "[it] may not be negative . . . ."  Id.  Feldman's comments fall far short of her having "fixed opinions that [she] could not judge impartially the guilt of the defendant."  Patton v. Yount, 467 U.S. 1025, 1035 (1984).  Arguably, Feldman's comment to the prosecutor may be construed as favorable to the defense.

had failed to demonstrate prejudice, citing to <u>Williamson v. Duger</u>, 651 So.2d 84 (Fla. 1984).  <u>Id.</u>

The Court finds that Petitioner has failed to show a reasonable probability that counsel's failure to object to juror Feldman for cause would have led to a different result.  Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of ground one because the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).  Alternatively, as noted by Respondent, Morris can not demonstrate that defense counsel was objectively deficient since "two other counselors who observed her demeanor and heard the tenor of her remarks chose her to hear their defenses."  Response at 19.  <u>See</u> <u>Chandler v. United States</u>, 218 F.3d at 1315 (requiring petitioner to show "no competent counsel would have taken the action that his counsel did").  Consequently, the Court will deny ground one of the Petition.

In ground four, Petitioner argues that counsel was ineffective for failing to investigate the violent "propensities of deceased." Petition at 17.  In particular, Petitioner complains that defense counsel failed to obtain the victim's criminal record to demonstrate that "the victim had a long history of violence."  <u>Id.</u>

-24-

Petitioner also takes exception to defense counsel's advice that "it was not permissible to attack the reputation of the deceased" unless Morris testified.  Id.

The postconviction trial court agreed with the State's position that the record revealed that evidence of the victim's propensity for violence was introduced through the testimony of various witnesses: Lynn Brewer, TT at 188-219; Lacy Radosevich, TT at 252, Jonathon Radosevich, TT at 344, and Beulah Kerns, proffered testimony, TT at 438-452 and testimony, TT at 458-464.  Doc. #20 at 4.   Further, as pointed out by the State, during the cross examination of Lynn Brewer, defense counsel reserved his right to recall witnesses consistent with the trial court rulings concerning evidence of specific violent acts of the victim.  TT at 256-259. The court found, based upon the record, that Morris had failed to demonstrate prejudice, citing to Williamson.  Doc. #20 at 4.

Petitioner does not allege in either his Petition or in his postconviction motion that counsel was not aware of the "relevant facts concerning the victim's past history."  Response at 27. Additionally, as correctly pointed out by Respondent in its Response, to the extent that Petitioner bases this ground on defense counsel's conclusion that, under Florida law, Morris' testimony was a "precondition to admission of certain evidence in support of the chosen defense," the ground fails because Petitioner can not show trial counsel's actions were objectionably unreasonable.  Id.; Smith v. State, 606 So.2 d 641, 642-43 (Fla.

1st DCA 1992)(if "character evidence is offered to prove the reasonableness of the defendant's apprehension, prior knowledge of the specific act violence is necessary"); Grace v. State, 823 So. 2d 224, 226 (Fla. 2d DCA 2002). Based upon a review of the record it is clear that evidence of the victim's propensity for violence was introduced and heard by the jury.

The Court finds that Petitioner has failed to show a reasonable probability that the introduction of the victim's criminal record would have led to a different result. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of ground four because the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Consequently, the Court will deny ground four of the Petition.

In ground five, Petitioner argues that counsel was ineffective for failing to develop and introduce evidence at sentencing for "purpose of mitigation." Petition at 18. Petitioner claims that the following mitigating factors should have been developed: petitioner's slight criminal record, Petitioner under extreme emotional disturbance, intoxication, fear of great bodily harm, minor participation, duress, substantially impaired capacity to

appreciate the criminality of his conduct to conform his conduct to the requirement of law.  Id.

The postconviction court, in adopting the State's Response, acknowledged that the "criminal punishment code scoresheet provided for a sentence between 256.8 months and life in prison."  Exh. #20 at 5.  Further "most of these mitigators were presented and heard by the Court during trial, and the criminal punishment code score sheet reflects [Morris'] prior record to be two misdemeanors and one burglary."  Id.  Additionally, prior to sentencing, a "presentence investigation was ordered" during which, Petitioner pointed out that he did not shoot the victim.  Id. The recommendation of the Department of Corrections was:

> no less that 256.6 months prison.  It is this Officers's opinion that any sentence other than the lowest permissible prison sentence would not be in the best interest of the Court of the Community due to the nature of this serious offense.

Id.  Further, in denying this ground, the court found "Defendant failed to show how he was prejudice."  Id.

Here, the "postconviction judge was the same judge who presided over Morris' trial."  Response at 32.  Thus, the trial judge was privy to all the testimony and evidence offered and introduced during the proceedings, including that Morris' co-defendant, his father, admitted to shooting the victim.  TT at 486-511.  Further, "counsel is not 'required to present all mitigation evidence, even if additional mitigation evidence would not have been incompatible with counsel's strategy.'"  Haliburton v. Sec'y

for Dep't of Corr., 342 F. 1233. 1243-44 (11th Cir. 2003)(quoting Chandler, 218 F.3d at 1319)).

The Court finds that Petitioner has failed to show a reasonable probability that counsel's introduction of these additional mitigating factors would have led to a different result. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of ground five because the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Consequently, the Court will deny ground five of the Petition.

In ground six, Petitioner maintains that counsel was ineffective for failing to object to purported prosecutorial misconduct. Petition at 19. In particular, Petitioner claims that certain comments made by the prosecutor during his opening were false and were not supported by the testimony or evidence adduced at trial. Id. at 19-20. Additionally, Petitioner argues that the prosecutor "evaded" exculpatory evidence in the form of a 911 call made concerning the number of shots. Id. Petitioner also claims that the prosecutor vouched for the witnesses' credibility and called "the defendant a liar." Id. at 20-21.

In denying this ground, the postconviction trial court reviewed the pertinent portions of the trial transcripts. Doc. #20 at 5-6. Prior to the opening, the trial court instructed the jury that what lawyers say is not evidence. Id. at 6. A review of the record, evidences that the prosecutor explained that the jury would hear from different witnesses with different perspectives of the incident. Id. The court found that State witnesses "testified exactly as represented in opening statement." Id. Based upon the record, the court found Morris "had failed to establish prejudice." Id.

While a criminal defendant in Florida is required to raise claims of prosecutorial misconduct in closing on direct appeal, claims that trial counsel was ineffective for failing to object to these remarks is properly raised in a postconviction motion. Bell v. State, 965 So. 2d 48, 60 (Fla. 2007); Hurley v. State, 962 So. 2d 1046, 1047 (Fla. 5th DCA 2007)(finding trial court error where the court found defendant's ineffective assistance of counsel for failing to object to prosecutorial misconduct in closing procedurally barred due to defendant's failure to raise claim on direct appeal). In Florida, both the prosecutor and the defense are afforded wide latitude in closing argument. Ford v. State, 802 So. 2d 1121, 1129 (Fla. 2001).

The Court finds that each of the instances of prosecutorial misconduct raised by Petitioner are without merit. As acknowledged by the trial court, the record conclusively refutes that the

prosecutor misstated the State witnesses' anticipated testimony. <u>See</u> TT at 152-153, 179-189, 236-237.

Petitioner's claim that the State withheld exculpatory evidence (<u>Brady</u> material),[10] or submitted perjured testimony in violation of <u>Giglio</u>,[11] as regards the 911 call transcript, are equally without merit. Petitioner argues that the 911 call transcript disputed the State's witnesses' testimony concerning the number of shots fired.[12] Petition at 19-20. Petitioner's alleged <u>Brady</u> violation fails on its face since Petitioner acknowledges that his counsel revealed the 911 call transcript to him prior to trial. Petition at 19. Consequently, Petitioner can not establish a <u>Brady</u> violation, <u>Spivey v. Head</u>, 207 F.3d 1263, 1283 (11th Cir.

---

[10]<u>Brady v. Maryland</u>, 373 U.S. 83 (1963) prohibits the suppression by the government of evidence favorable to the defendant.

[11]<u>Giglio v. United States</u>, 405 U.S. 150. 153 (1972) forbids the "presentation of known false evidence."

[12]The comments made by two separate 911 callers regarding the shooting is follows:

    C:   Hi, ahm . . . I'm just calling, we've heard four
    gunshots out our back door. . .
    O:   ok, ma'am. (inaudible)
    C:   There was one, and then three, and then one.

    O:   How many shots did you hear?
    C:   I'd say four, five, six.  I don't know.  A car was
    driving off and that's what we heard.  We heard a couple,
    I went outside, and ahm . . . we saw a car drivin' off.

Petition at Exh. #2.  Witnesses for the state testified that four shell casings were recovered from the scene, TT at 286; one witness testified he heard four shots fired, TT at 320; and, another witness testified he heard three shots fired. TT at 395.

2000), and counsel can not be deemed deficient for failing to raise an objection in this regards.  Similarly, a review of the 911 call transcript, which is attached to Petition, does not support a finding that there was a <u>Giglio</u> violation.  Petitioner is not able to establish the first prong of the <u>Giglio</u> test because the 911 call transcript is not inconsistent with the State witnesses' testimony concerning the number of shots.  <u>See</u> <u>Guzman v. State</u>, 868 So. 2d 498, 505 (Fla. 2003).

The record also controverts Petitioner's claim that the prosecutor "indicated a personal belief of the witnesses credibility" and called "the defendant a liar."  Petition at 20. The relevant portion of the prosecutor's closing argument in which these comments allegedly were made is as follows:

> The [co-defendant, Petitioner's father] got up there and said he shot three times.  To tell you the truth, ladies and gentlemen, he is covering for his son.  He knows he fired the shots, he knows he is the one that actually pulled the trigger that killed the victim.  He figures I'll tell the jury I fired three.  I will protect my son. It's understandable.
>
> Ask yourself: Who do you believe, the four independent witnesses or a father who has every reason to want to protect his son?

TT at 577-578.  Taken in context, the prosecutor comments constituted permissible argument on the testimony offered into evidence.  <u>United States v. Johns</u>, 734 F.2d 657, 663 (11th Cir. 1984)(A prosecutor is not limited to a bare recitation of the facts and may "comment" on the evidence and "state his contention as to the conclusions the jury should draw from the evidence.").  Thus,

counsel cannot be deemed ineffective for failing to raise a non-meritorious objection.  Chandler v. Moore, 240 F. 3d 907, 917 (11th Cir. 2001).

The Court finds that Petitioner has failed to show a reasonable probability that counsel's objections to the purported instances of prosecutorial misconduct would have led to a different result.  Consequently, upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of ground six because the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).  Consequently, the Court will deny ground six of the Petition.

In ground seven, Petitioner argues that counsel was ineffective for failing to object to "non-testifying co-defendant's hearsay statement implicating Petitioner."  Petition at 23.  In particular, Petitioner complains that a Bruton[13] rule violation occurred.  Id. at 23-26. Petitioner also faults counsel for not objecting to the testimony of witnesses Brewer and Jonathan Radosevich regarding statements made by Morris.  Id. at 24-27.

---

[13]Bruton v. United States, 391 U.S. 123 (1968) prohibits the admission of a non-testifying defendant's statement that infers the defendant's guilt.

Petitioner claims that because he did not testify his "father could not cross examine Petitioner." Id. at 24.  He also argues that counsel "used [Jonathan Radosevich's] adolescence to conjure deception" by showing the witness his deposition and faulted the prosecutor for using the word "kill" when questioning the witness. Id. at 25.

The postconviction trial court in denying Petitioner's claim of a Bruton violation, determined that there was  no error because, as demonstrated by the record, "[t]he co-defendant testified during their joint trial." Exh. #20 at 6.  Further, the court found that Petitioner's counsel was permitted to cross examine the co-defendant "on the issues of self-defense and premeditation." Id. at 7.  The court also noted, as evidenced by the transcript and the jury instructions, that "[t]he jury was instructed on the [co-defendant] testifying and [Morris] not testifying." Id.  Finding "no demonstration of prejudice" the court determined "counsel's effectiveness need not be determined.  Williamson." Id.

Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of ground seven because the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  28 U.S.C. § 2254(d).  The record is unequivocal that

-33-

Petitioner's co-defendant testified during the trial. Neither the testimony by Brewer nor Jonathan Radosevich was improper. Both witnesses testified to inculpatory statements that they heard Petitioner say to his co-defendant at the time of the shooting. Further, there was no basis to find Radosevich perjured himself simply because he recalled prior testimony after being shown a prior statement he made to police. Petitioner's argument that a Bruton violation occurred because his father could not cross examine him, due to Petitioner not testifying, is legally unsound and merits no further discussion. Petitioner's claim regarding the age of Jonathan Radosevich was not raised below in his Rule 3.850 motion, and thus, is deemed unexhausted and procedurally barred. Further, Petitioner has failed to show a reasonable probability that counsel raising these objections would have led to a different result. Based upon the foregoing, the Court will deny ground seven of the Petition.

In ground eight, Petitioner argues that counsel was ineffective for failing to investigate and interview potential witnesses, and failed to provide exculpatory evidence in support of Petitioner's defense of self-defense. Petition at 27. Petitioner argues that a third 911 caller, who petitioner believes[14] was "Robertson," stated to a 911 operator that 3 shots were fired "in rapid succession." Id. at 27. Petitioner claims Robertson's

---

[14]Petitioner "stating by memory but not without flaw, that the officer of whom [sic] made the 911 call was Officer Robertson."

testimony would have negated other testimony that Petitioner fired a first shot and then handed the gun to his father, who subsequently then fired the second and third shots. Id. at 27. Petitioner attaches to the Petition an "Incident Recall" that reflects a telephone call to a 911 operator at 1:41 on May 19, 1999 from a Brigette Robertson. Id. at Exh. #1.

Petitioner raises this claim differently in his Rule 3.850 motion. In his motion, Petition claimed that Robertson's testimony "would have given rise" that the shots were fired in succession. Doc. #17 at 32. Petitioner attributed the statement that the "three shots were fired in succession" to Deborah Coulombe, another 911 caller who was deposed in the underlying criminal action. Id. The postconviction trial court in rejecting this ground found that Morris failed to demonstrate any prejudice. Doc. #20 at 7-8. The court reviewed the transcripts of the 911 calls made by Coulombe and Powers, as well as their respective deposition testimony. Doc. #20 at 7-8. The court also noted that Petitioner had not alleged that Bridgette, Coulombe or Powers were available for trial. Id. at 8.

A trial counsel's failure to call a witness constitutes ineffective assistance of counsel only if the witness may have been able to cast doubt on the defendant' guilt. Pace v. State, 750 So. 2d 57 (Fla. 2d DCA 1999). "A facially sufficient postconviction motion alleging the ineffectiveness of counsel for failing to call certain witnesses must include an assertion that those witnesses

would in fact have been available to testify at trial." <u>Nelson v. State</u>, 875 SO. 2d 579, 584 (Fla. 2004).  Further, "evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit.  A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." <u>Daniels v. McDonough</u>, 2006 WL 2620143, *10 (M.D. Fla. 2006) (quoting <u>United States v. Ashimi</u>, 932 F.2d 643, 650 (7th Cir.1991) (footnotes omitted)).  As such, to successfully assert that trial counsel should have called a witness, a petitioner must first make a sufficient factual showing substantiating the proposed witness testimony.  <u>Daniels</u>; <u>Id.</u> (citing <u>United States v. Schaflander</u>, 743 F.2d 714, 721 (9th Cir. 1984)).  Evidence sufficient to meet this showing includes sworn affidavits from the potential witnesses stating what testimony they would have provided.  <u>Id.</u>  As a general matter, counsel's decisions about which witnesses to call are matters of trial strategy.

In the instant case, Petitioner attaches an "Incident Recall" that evidences only that a third call was made to a 911 operator. Petitioner does not attach the transcript of the call and has failed to provide any evidence substantiating what testimony Robertson would have provided had she been called to testify. Instead he offers speculation as to what the caller told the 911 operator. Indeed, Petitioner acknowledges that his recall of the testimony may not be accurate.  <u>See</u> <i>infra</i> at n.14.  Here the Court

finds Petitioner's allegations speculative and inadequate to raise a claim of ineffective assistance of counsel. Moreover, Petitioner has failed to show a reasonable probability that the testimony from any of the 911 callers, including Robertson, would have led to a different result. Upon a thorough review of the record and the applicable law, it is clear that Petitioner is not entitled to relief on the basis of ground eight because the state court's adjudication of the claim was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Consequently, the Court will deny ground eight of the Petition.

Based upon the foregoing, the Court will deny all claims in the Petition. Any other claim not specifically addressed is found to be without merit under the legal principles set forth above.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Claims Two and Three of the Petition (Doc. #1) are **DISMISSED WITH PREJUDICE** as procedurally defaulted; alternatively, Claims Two and Three of the Petition are **DENIED** on the merits; the remaining claims in the Petition are **DENIED** on the merits.

2.    The Clerk of the Court shall enter judgment accordingly; terminate any pending motions; and close this file.

**DONE AND ORDERED** in Fort Myers, Florida, on this __12th__ day of September, 2008.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record

-38-